# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1550V

| | |
|---|---|
| H.F.,<br><br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 3, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 4, 2019, H.F. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccination he received on October 13, 2016. Petition, ECF No. 1. On March 30, 2021, I issued a factual finding regarding site of vaccination and onset. ECF No. 41. On August 26, 2021, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF. No. 59. On March 19, 2025, I issued a

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

decision awarding compensation to Petitioner following briefing by the parties. ECF No. 114.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $97,556.23 (representing $91,646.90 in fees plus $5,900.78 in costs and $8.55 in Petitioner out-of-pocket expenses). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed February 23, 2026, ECF No. 121. Furthermore, Petitioner filed a signed statement representing that $8.55 in personal out-of-pocket expenses were incurred. ECF No. 122.

Respondent reacted to the motion on February 25, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents' Response to Motion at ECF No. 123. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for attorney work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner notes that Conway Homer, P.C., has not yet formulated attorney and support staff hourly rates for 2026. Therefore, time expended in this case during 2026 is billed at the established 2025 hourly rates.

Regarding the time billed, I note this case required additional briefing regarding damages. *See* Petitioner's Memorandum in Support of Damages, filed Sept. 27, 2022, ECF No. 86; Petitioner's Reply to Respondent's Response to Petitioner's Memorandum in Support of Damages, filed Aug. 10, 2023, ECF No. 107; Petitioner's counsel expended approximately 13.6 hours drafting the damages brief and 12.5 hours drafting the responsive brief, for a combined total of 26.1 hours. ECF No. 121 at 42-50. I find this amount of time to be reasonable and will award the attorney's fees requested.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 121 at 58-98. I find the requested costs to be reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $97,556.23 as follows:**

2

**A lump sum of $97,547.68, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Ronald C. Homer IOLTA account for prompt disbursement; and**

**A lump sum of $8.55, representing reimbursement for Petitioner's out of pocket costs, to be paid through an ACH deposit to Petitioner's counsel of record: Ronald C. Homer IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.